# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2011

Lyle W. Cayce
Clerk

No. 09-30484

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

NAM VAN HOANG,

Defendant – Appellant

Appeal from the United States District Court
for the Middle District of Louisiana

Before JONES, Chief Judge, JOLLY and GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The government's petition for panel rehearing is DENIED.

In denying this petition, we should observe that shortly before our opinion in this case issued, another panel decided *United States v. Johnson*, --- F.3d ----, 2011 WL 338802 (5th Cir. Feb. 4, 2011). Because the cases were decided virtually simultaneously, our opinion failed to note *Johnson*, in which the panel addressed whether the Sex Offender Registration and Notification Act ("SORNA") applied to pre-enactment sex offenders at the time of enactment, or whether the statute delegated to the Attorney General the decision to apply SORNA to pre-enactment offenders. The panel held that "SORNA delegated authority to the Attorney General to determine the applicability of SORNA to

pre-enactment offenders." *Id*. at *6. Although our opinion failed to cite *Johnson*, our reasoning and holding in this case are not inconsistent with it.

To be sure, we reached an alternative holding—that is, that to whatever extent SORNA may be characterized as ambiguous, the rule of lenity precludes us from applying it to Hoang—but this alternative holding yields no inconsistency between our opinion and *Johnson*. Furthermore, although *Johnson* additionally held that the Attorney General did not have good cause for failing to comply with the Administrative Procedures Act in promulgating the Interim Rule that declared SORNA retroactive, our panel was not presented with that issue. The fact that we said Hoang, a pre-enactment sex offender, "did not become subject to SORNA's registration requirements until the Attorney General issued the Interim Rule," should not be construed otherwise. Finally, although our opinion did not refer to three additional recently-decided cases from other circuits—one consistent with our holding and two conflicting—nothing in those cases alters the reasoning applied or the outcome reached in this appeal.

DENIED.[1]

---

[1] The government's motion for a stay of our ruling on this petition for panel rehearing is also DENIED.